UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
M.M., an infant under the age of 14, by her mother and natural guardian KRISTIN LIVAN, and KRISTIN LIVAN individually

                                                           Plaintiffs,

- against -

BARNES & NOBLE BOOKSELLERS, INC., AND
BARNES & NOBLE, INC.

                                                          Defendants.
-----------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Trial by Jury Demanded

Plaintiffs, M.M. an infant under the age of 14, by her mother and natural guardian KRISTIN LIVAN, and KRISTIN LIVAN individually, by their attorneys, HAICKEN LAW PLLC as and for her Complaint against the Defendants, BARNES & NOBLE BOOKSELLERS, INC., and BARNES & NOBLE, INC. allege that at all relevant times hereinafter mentioned:

    1.     Plaintiffs are citizens of the State of Florida.

    2.     Plaintiff M.M. is 3 years old.

    3.     Defendant, BARNES & NOBLE BOOKSELLERS, INC., is a Delaware corporation with its principal place of business in New York.

    4.     Defendant BARNES & NOBLE BOOKSELLERS, INC., owns and maintains bookstores.

    5.     Defendant BARNES & NOBLE, INC. is a Delaware corporation with its principal place of business in New York.

    6.     Defendant BARNES & NOBLE, INC., owns and maintains bookstores.

    7.     The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8. By reason of the diversity of citizenship and the amount in controversy, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. On April 10, 2021 Defendants owned, leased, possessed, operated, inspected, maintained, supervised, controlled and managed the premises at 267 7th Ave, Brooklyn, New York 11215, a Barnes & Noble location where the incident complained of herein occurred.

10. On April 10, 2021, Defendants invited the public at large, and these Plaintiffs in particular, onto said premises.

11. On April 10, 2021, Defendants had a duty to control, manage, operate, inspect, supervise, and maintain the escalators at said location, to keep the premises reasonably safe for their customers.

12. On said date, Plaintiff M.M., while lawfully upon the premises, was caused to have parts of two of her fingers severed while riding on one of the escalators, due to the negligence of the Defendants in the ownership, operation, supervision, maintenance, inspection, management and/or control of the premises and its escalators.

13. As a direct and proximate result of the negligence of Defendants, their employees, agents, Plaintiff, M.M., was caused to suffer serious and permanent personal injuries, because the premises were not reasonably safe.

14. On said date, Defendants had notice, actual and constructive, of the dangerous, defective and hazardous condition of the escalator that caused Plaintiff M.M.'s injuries to her fingers.

15. Defendants knew or should have known the premises would be traversed by members of the general public, invitees, ***especially children***, and more particularly this Plaintiff, M.M.

16. This action falls within one or more of the exceptions set forth in CPLR §1602 in that the Defendants had a non-delegable duty to maintain the premises.

17. By reason of the aforesaid the infant plaintiff was caused to suffer damages in a sum in excess of $75,000 exclusive of costs and interest.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF KRISTIN LIVAN AGAINST DEFENDANTS

18. Plaintiffs repeat, reiterate and reallege each and every allegation of paragraphs numbered "1" through "17" inclusive, with the same force and effect as if more fully and completely set forth at length herein.

19. That at all times hereinafter mentioned plaintiff, KRISTIN LIVAN, was and still is the mother and natural guardian of the infant plaintiff, M.M., and as such was entitled to the comfort, services and society of the said infant plaintiff and further was, still is, and will in the future be obligated to pay for the hospital expenses, medical expenses and related expenses on behalf of the infant plaintiff, M.M.

WHEREFORE, Plaintiffs, respectfully request that the Court grant relief as follows:

I. Awarding damages to Plaintiff, M.M. for past and future medical expenses, personal injuries and pain and suffering in the total amount of Five Million Dollars ($5,000,000),

II. the costs of this action and for

III. Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
      May 5, 2021

                              Yours, etc.,

                              HAICKEN LAW PLLC

                              *Matthew Haicken*

                              _____
                              BY: MATTHEW HAICKEN, ESQ. (2990)
                              Attorney for Plaintiff
                              MATTHEW HAICKEN
                              1430 Broadway, Suite 1802
                              New York, New York 10018
                              (212) 592-8326